United States District Court
Southern District of Texas
**ENTERED**
May 02, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Danny Ray Rancher,§<br>    Petitioner,§<br>§<br>v.§<br>§<br>Lorie Davis,§<br>Director, Texas Department of§<br>Criminal Justice, Correctional§<br>Institutions Division,§<br>    Respondent.§ | Civil Action H-18-1706 |

# Memorandum and Recommendation

Danny Ray Rancher is serving life in prison for aggravated sexual assault of a child and twenty years in prison for sexual assault of a child. (D.E. 11-2 at 108; D.E. 11-3 at 101.) Rancher filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and a motion for an evidentiary hearing. (D.E. 1–2; D.E. 10.) Lorie Davis has moved for summary judgment. (D.E. 12.) Rancher's motion for an evidentiary hearing is denied. The court recommends that Davis's motion for summary judgment be granted and Rancher's petition be denied with prejudice.

## 1. Background

Rancher's adult daughter ("Daughter") filed a complaint against Rancher with the Willis Police Department in 2011. She alleged that Rancher was harassing her. During an interview with police, Daughter claimed that Rancher sexually abused her as a child. Daughter said the abuse began when she was eight or nine years old and lasted until the year 2000, when she was eighteen or nineteen. Daughter filed a police report about the sexual abuse.

A grand jury indicted Rancher in 2012 on one count of sexual assault of a child, under Texas Penal Code § 22.011(a)(2), and one

count of aggravated sexual assault of a child, under Texas Penal Code § 22.021(a)(1)(B). (D.E. 11-2 at 23–24.)

2. *Trial and Procedural Posture*

Rancher's case proceeded to a jury trial in the 221st Judicial District Court in Montgomery County, Texas. (*See* D.E. 11-4 at 1.) The State called as witnesses Daughter, her cousin, her biological mother ("Mother"), her husband, two eyewitnesses to the abuse (her childhood friend and her sister), and an expert witness.

Daughter testified that Rancher sexually abused her starting when she was eight years old. She testified that government investigators interviewed her at her elementary school but she lied and said that Rancher was not abusing her. She was scared of him, as he would throw things, splash water on her, and disrupt her sleep. Her first sexual intercourse was with Rancher when she was thirteen years old. She tried to tell Mother about the intercourse by writing her a letter. But Daughter recanted several days later.

Rancher's abuse continued. When Daughter was fifteen or sixteen years old, her friend and cousin walked into Rancher's room while he was having sexual intercourse with Daughter. The friend and cousin corroborated this.

In 2001, a week before she turned eighteen, Daughter left Rancher's house and moved away from her hometown. She finished high school, met her husband, and got married. Daughter had her own daughter. Daughter moved back and worked for Rancher. After some family dysfunction, Rancher started harassing Daughter by alleging that her husband had sexual intercourse with his new wife. He also harassed her at her new workplace. Daughter reported the harassment to the police, and that is when she told the police that Rancher had sexually abused her.

Rancher's case-in-chief focused on undermining Daughter's testimony. For example, Rancher's counsel argued that Daughter's employment with Rancher was inconsistent with her accusations, as was the fact Daughter sometimes left her infant daughter at Rancher's office while she ran errands.

2

The jury found Rancher guilty on both counts. On July 25, 2013, the district court sentenced him to life in prison and a $10,000 fine for aggravated sexual assault of a child, and 20 years in prison for sexual assault of a child. (D.E. 11-2 at 108; D.E. 11-3 at 101.)

Rancher appealed. He argued that the trial court erred in admitting outcry testimony of Daughter's mother and Officer Culak. (*See* D.E. 11-11.) The court of appeals in Beaumont, Texas affirmed the trial court's judgment. (*See* D.E. 11-13.) The Texas Court of Criminal Appeals struck Rancher's petition for discretionary review because it exceeded the court's page limit. (*See* D.E. 11-23.)

Rancher filed two separate state applications for writ of habeas corpus on October 14, 2016—one for each count of conviction. In his application challenging count one—aggravated sexual assault of a child—he raised claims of actual innocence, ineffective assistance of counsel, and prosecutorial misconduct. (D.E. 11-29 at 7–35.) In his application challenging count two—sexual assault of a child—he raised claims of ineffective assistance of counsel. (D.E. 11-29 at 37–53.) The trial court issued findings of fact and conclusions of law, recommending that the Texas Court of Criminal Appeals deny the state habeas applications. (*See* D.E. 11-29 at 135–41.) The Texas Court of Criminal Appeals denied Rancher's applications without written order on the findings of the trial court. (D.E. 11-25.)

Rancher filed his federal petition for writ of federal habeas corpus on May 21, 2018. (D.E. 1; D.E. 2.) Rancher also requested leave to amend his petition to add a new claim of actual innocence and moved for an evidentiary hearing. (D.E. 10.) Davis has responded to the new claim in her motion for summary judgment. (D.E. 12.) The court grants Rancher's motion to amend his petition but denies Rancher's request for an evidentiary hearing.

*3. Evidentiary hearing*

Rancher argues that an evidentiary hearing is required to examine the credibility of Daughter's allegations. He argues that

3

Daughter denied any sexual abuse when she was a child, and an evidentiary hearing will establish that she lied at trial.

An evidentiary hearing may be ordered only when the applicant fails to develop the factual record in state court, and

> (A) the claim relies on—
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*See* 28 U.S.C. § 2254(e)(2).

Rancher has not shown that the factual record was not sufficiently developed in state court. Evidence that Daughter had, as a child, recanted her accusations was known to Rancher before trial. (*See* D.E. 11-2 at 58–59.) Rancher's trial counsel cross-examined Daughter about her recantation. The jury heard Daughter testify that she lied as a child when she said that Rancher did not assault her. (*See* D.E. 11-4 at 52–53.)

Rancher is not entitled to an evidentiary hearing.

*4. Standard of Review for § 2254 Cases*

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal writ of habeas corpus is available for "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court cannot grant habeas relief "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by" the Supreme Court, or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The state court's factual findings are presumed correct, and the applicant bears the burden to overcome that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). "As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018). AEDPA requires the court to defer to the state habeas court's express and implicit findings of fact and conclusions of law. *See Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004).

5. Analysis

Rancher claims that (A) his trial and appellate counsel rendered ineffective assistance of counsel; (B) the prosecutor committed misconduct; (C) he is actually innocent; and (D) the State prosecuted him outside the limitations period.

A. *Ineffective Assistance of Counsel*

(1) *Legal standard for § 2254 cases*

To prevail on a claim of constitutionally ineffective assistance of counsel, a petitioner must show (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010); *Mejia v. Davis*, 906 F.3d 307, 315 (5th Cir. 2018). It is "all the more difficult" where, as here, a defendant challenges a merits denial of his *Strickland* claim under AEDPA. *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *Mejia*, 906 F.3d at 315. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review

is 'doubly' so." *Harrington*, 562 U.S. at 105; *Mejia,* 906 F.3d at 315 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

### a) Deficient Performance

Deficient performance means that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In reviewing counsel's performance, courts must "be highly deferential," eliminate the "distorting effects of hindsight," and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

"Defense counsel's strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Mejia*, 906 F.3d at 316 (5th Cir. 2018) (internal citations and quotations omitted). "A court reviewing those choices is required not simply to give counsel the benefit of the doubt, but to affirmatively entertain the range of possible reasons he may have had for proceeding as he did." *Id.* (internal quotation marks omitted). The Fifth Circuit has "explained that counsel is afforded particular leeway where a potential strategy carries double-edged consequences." *Id.* (internal quotation marks omitted). "Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Harrington*, 562 U.S. at 105; *Mejia*, 906 F.3d at 317. "It is 'all too tempting' to 'second-guess counsel's assistance after conviction or adverse sentence.'" *Harrington*, 562 U.S. at 105 (citing *Strickland*, 466 U.S. at 690).

### b) Prejudice

Under *Strickland*, prejudice is "a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is not enough to show that errors had "some

conceivable effect" on the outcome; rather, counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112. A court assessing prejudice "must consider the totality of the evidence before the judge or jury," because "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland*, 466 U.S. at 695–96.

*(2) Rancher's ineffective assistance of counsel claims*

Rancher asserts that his trial counsel rendered ineffective assistance by failing to do the following:
- interview Daughter;
- uncover the inconsistency in the prosecution's timeline of events;
- obtain the Child Protective Services (CPS) report;
- present evidence of Daughter's recantation, the CPS report, and Daughter's efforts to influence witness testimony;
- object to the admission of hearsay testimony;
- file a motion to dismiss count two;
- maintain the presumption that Rancher was innocent; and
- assist Rancher in moving for a new trial.

The state habeas court found that Rancher had not shown "by a preponderance of the evidence that performance of his trial and appellate attorneys was deficient in any aspect, or that he was prejudiced by any deficiency in their performance." (D.E. 11-29 at 140–41, ¶ 2.) Rancher's ineffective assistance of counsel claims must be denied under AEDPA because he has not shown that the state habeas court's decision reflects an unreasonable determination of facts, or is contrary to or an unreasonable application of the *Strickland* standard. *See* 28 U.S.C. § 2254(d).

7

### a) Failure to investigate

#### 1. Failure to interview daughter

Rancher argues that his trial counsel failed to interview Daughter. The state habeas court found that "Counsel's decision not to attempt to contact or interview the 'antagonistic' complainant prior to trial was reasonable under the circumstances." (D.E. 11-29 at 139, ¶ 16.) It also found that "[c]ounsel's investigation, which included review of all of the complainant's statements in the possession of the prosecution, was reasonably thorough." (D.E. 11-29 at 139, ¶ 17.)

The state habeas court's findings are correct. Counsel's affidavit stated that he did not interview witnesses who "were antagonistic to [Rancher] and probably would not talk to the defense team." (D.E. 11-29 at 86, ¶ 3.) He also stated that

> It is rare for the defense to talk to complainants prior to trial. I was provided copies of their statements in various forms such as written statements, CPS records and police reports.

*Id.*

Rancher has not shown that his trial counsel's decision not to interview Daughter fell below the objective standard of performance required by *Stickland* nor that Rancher suffered prejudice from it. Rancher does not say that interviewing Daughter would have produced any information not already available to counsel. The state habeas court did not depart from the *Strickland* standard in finding no ineffective assistance by Rancher's trial counsel on this account.

#### 2. Failure to investigate the timeline of events.

Daughter testified that when she was thirteen Rancher initiated sexual intercourse with her in Rancher's truck on their way to or from a visit with Rancher's business associate, Preston Smith. Rancher argues that he did not do business with Smith when Daughter was thirteen years old, and his counsel should have investigated that inconsistency in the timeline.

8

The state habeas court found that:

> Counsel was aware, as the result of pretrial discovery, that the complainant would testify that the applicant took her virginity during a trip in his truck to visit the applicant's associate Preston Smith.
>
> The details of the applicant's association with Preston Smith was [sic] within the applicant's personal knowledge, and he cannot complain of his own failure to communicate that information to his attorney.
>
> The applicant has failed to establish that Preston Smith was available to testify at trial and that he would have provided testimony that was exculpatory and material to the applicant's defense.

(D.E. 11-29 at 139, ¶¶ 18–20.)

The state habeas court's findings of fact are reasonable. Rancher has not shown that his lawyer was on notice of this alleged discrepancy in the timeline. Moreover, this information was known to Rancher.

Even if Daughter's timeline was incorrect, Rancher has failed to show a substantial likelihood that the result of his trial would have been different had this discrepancy been shown to the jury. *See Harrington*, 562 U.S. at 112 (the likelihood of a different result should be "substantial" to show prejudice under *Strickland*). This claim lacks merit.

### 3. *Failure to obtain CPS records.*

Rancher argues that trial counsel failed to obtain copies of the CPS records. According to Rancher, doing so would have uncovered Daughter's recantation of her allegations against him.

The state habeas court found that trial counsel's performance was not deficient for not obtaining the CPS records. This is because the Department of Family and Protective Services (DFPS) could not locate any CPS records. (D.E. 11-29 at 138, ¶¶ 12–13.)

9

The state habeas court's finding reflects a reasonable determination of the facts in light of the record. The prosecutor's affidavit stated that the DFPS was not able to locate any records in their database regarding Daughter. (D.E. 11-29 at 134.) The State's disclosures pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) ("*Brady* disclosure") stated that CPS investigators interviewed Daughter in 1992 and Daughter denied any abuse by Rancher. (*See* D.E. 11-2 at 59.) Trial counsel made use of that information in his cross-examination of Daughter, and she admitted to lying about the abuse when she was a child. (*See, e.g.*, D.E. 11-7 at 52–53.)

Rancher does not say what more his counsel could have uncovered. This claim is meritless.

### b) Failure to present evidence

#### 1. Daughter's recantation and CPS investigation

Rancher argues that his trial counsel's performance was deficient for not making use of the State's *Brady* disclosure. The *Brady* disclosure stated that in 1992, when Daughter was eight or nine years old, CPS investigators interviewed her at school. At that time Daughter denied any abuse by Rancher. The *Brady* disclosure also stated that in 1996, when Daughter was thirteen years old, Daughter first told Mother about the sexual abuse but recanted several days later. Rancher claims that trial counsel did not make use of these facts at trial.

The state habeas court found that Rancher's trial counsel "vigorously cross-examined the State's witnesses, presented testimony supporting the applicant's defense, and effectively argued for the applicant's acquittal." (D.E. 11-29 at 140, ¶ 28.)

The court's independent review of the record shows that trial counsel did use the information in *Brady* disclosure at trial. During cross-examination, Daughter admitted that when investigators came to her elementary school, she lied and told them that Rancher did not abuse her. (D.E. 11-7 at 52.) She testified that she had lied because she was scared. (D.E. 11-7 at 53.)

10

Trial counsel also cross-examined Mother, who testified that CPS investigators interviewed her in early 1990s, but nothing came out of the investigation. (D.E. 11-7 at 175, 177–78.) Mother admitted that she did not believe Daughter when she first disclosed the sexual abuse. (D.E. 11-7 at 173.)

Rancher's counsel did make use of the *Brady* disclosure. Therefore, counsel's performance was not deficient.

### 2. *Influencing witness testimony*

Rancher claims that his trial counsel failed to prove that Daughter attempted to influence witness testimony, including Rancher's brother. Rancher argues that counsel had the opportunity to have his brother testify about Daughter's obstructive conduct but did not do so.

The state habeas court did not make a specific finding about this claim, other than the general finding that Rancher's attorney "vigorously cross-examined the State's witnesses, presented testimony supporting the applicant's defense, and effectively argued for [Rancher's] acquittal." (D.E. 11-29 at 140, ¶ 28.)

Rancher's attorney stated in his opening statement that

> [Daughter] went to another relative and said, "Hey, back my play here. I am going to make this accusation. You saw it."
>
> This relative said, "No, I am not going to lie to you." And I anticipate the evidence will show that witness will testify and show that [Daughter] was putting these witnesses together.

(D.E. 11-6 at 14.)

Trial counsel did not cross-examine Daughter on this topic. The only witness that Rancher called to prove this was Rancher's brother. When Rancher's attorney started asking Rancher's brother if Daughter asked him to testify, the prosecutor raised a hearsay objection. (D.E. 11-8 at 125–27.) The court sustained the objection, ruling that Daughter should first have the opportunity to testify about whether she attempted to influence her uncle's testimony.

(D.E. 11-8 at 129.) Defense counsel elected not to pursue the matter any further. *Id.* Counsel's affidavit stated that it was his trial strategy "to avoid having [Daughter] take the stand again" because it "would only serve to affirm her testimony in juror's minds." (D.E. 11-29 at 86, ¶ 6.)

Rancher does not offer, and the record does not contain, evidence that Daughter actually tried to influence any witness testimony. There is no evidence that Rancher's brother or anyone else testified falsely. Rancher's attorney did attempt to question Rancher's brother about Daughter's improper influence, but it was not allowed. Defense counsel decided not to call Daughter to the stand during Rancher's case-in-chief. The state habeas court could have reasoned that counsel made a competent, strategic decision not to call Daughter again, after weighing the cost and benefit of that option. *See Harrington*, 562 U.S. at 105 ("Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge."); *Mejia*, 906 F.3d at 317 (the court defers to counsel's strategic choices).

Rancher has failed to demonstrate that trial counsel's choices were not strategically sound. Nor has he shown that calling Daughter back to the stand would have made any difference to the jury's verdict.

### c) Failure to move to dismiss count two

Rancher argues that trial counsel rendered deficient performance by not moving to dismiss count two. Count two charged that Rancher violated Texas Penal Code § 22.011(a)(2) by sexually assaulting Daughter when she was a child. That statute defines child to be someone under seventeen years of age. *See* Tex. Penal Code Ann. § 22.011(c)(1) (West 2012). There was a typographical error in the indictment, which stated that Rancher contacted Daughter's sexual organ with his when she was "a child younger than 14 years of age," when it should have stated "a child younger than 17 years of age." (D.E. 11-2 at 23.) Rancher argues that because Daughter was

not between the ages of fourteen and seventeen when the alleged sexual intercourse happened, he should not have been indicted.

The state habeas court found that counsel's choice not to move to quash the second count of the indictment was not deficient. (D.E. 11-29 at 139–40, ¶¶ 21–24.) It found that the paragraph that contained the typographical error was abandoned, and the final jury charges stated the correct age. (D.E. 11-29 at 139, ¶ 22.) The record reflects that this finding is correct. (*See* D.E. 11-3 at 92.)

In any event, as long as Daughter was younger than seventeen at the time of the abuse, her age does not invalidate the indictment under Section 22.011(a)(2). If the jury found Rancher guilty of assaulting Daughter when she was younger than fourteen years old, the jury would have necessarily found Rancher guilty of assaulting her when she was younger than seventeen years old.

Rancher has not shown any other viable ground that would have supported dismissing count two. Rancher's claim is meritless.

### d) *Failure to maintain the presumption of innocence*

Rancher asserts that his trial counsel implied he was guilty throughout the trial. In his opening statement, Rancher's counsel stated, "She has escaped her abuser. She has been healed. She has gained the courage to go to the police." (D.E. 11-6 at 14.) During cross-examination of Daughter, counsel stated: "[w]hat was [your husband's] opinion of all this horrible abuse that you [Daughter] had taken over the years?" (D.E. 11-7 at 45); "I hope to God Steven [the husband] didn't forgive him [Rancher] for all of that [abuse], did he?" (D.E. 11-7 at 46.) Lastly, counsel argued in closing:

> So let's talk once again, back to [Daughter]. What did she do? Well, she tells us a story. They can't prove that story. I can't disprove that story. Y'all weren't there. I wasn't there. . . . Let's look at what she testified to. Okay. She gets up—she meets Steve. They get married. They move on. A person who escapes their abuser. Okay. Well, let's give the pervert another shot. Does that make sense?

(D.E. 11-8 at 205–06.)

13

The state habeas court found that trial counsel "did not suggest in his opening statement that [Rancher] was guilty as charged in the indictment." (D.E. 11-29 at 140, ¶ 26.) The court also found that counsel "argued . . . that the allegations against the applicant were 'a bunch of lies' and that the State could not prove them beyond a reasonable doubt." (D.E. 11-29 at 140, ¶ 27.) The state habeas court's findings imply that the trial counsel did not suggest Rancher was guilty in any part of the trial.

The record shows the state habeas court's findings are correct. Rancher is taking his lawyer's statements out of context. Immediately after counsel referred to Rancher as an "abuser" in his opening statement, counsel stated that Daughter did not go to the police sooner, implying that a truthful victim of child sexual abuse would. (*See* D.E. 11-6 at 14.) Counsel also stated that Daughter "is making it all up. It is a bunch of lies." (D.E. 11-6 at 11.) When read in context, counsel's statements aimed to paint Daughter's allegations as lies and undermine her credibility.

The court finds that the state habeas court's finding—that trial counsel did not suggest Rancher was guilty—reflects a reasonable determination of the facts. Counsel's performance was not deficient under *Strickland*, and Rancher's claim does not merit federal habeas relief.

### e) *Failure to move for a new trial*

Rancher claims that his right to counsel was constructively denied because no one assisted him during the time when he could have moved for a new trial. He argues that he would have moved for a new trial on the ground that his trial counsel failed to obtain the CPS report.

The state habeas court did not make an express finding as to whether there was a constructive denial of counsel. The trial court found that Rancher's attorneys did not render deficient performance. (*See* D.E. 11-29 at 135–41.) Implicit in the state habeas court's finding is that Rancher's attorneys did not render deficient

14

services as to the lack of motion for a new trial. The court is required to defer to this implicit finding. *See Young*, 356 F.3d at 628.

The record supports the finding that the attorneys' services were not deficient. Rancher's trial counsel stated in his affidavit that he explained to Rancher the motion for new trial immediately after the verdict. (*See* D.E. 11-29 at 86–87, ¶ 7.) Rancher's appellate counsel stated that he found no basis for a new trial. (*See* D.E. 11-29 at 107–08.)

Although Rancher argues that there was a constructive denial of counsel, his case does not fall under that rubric. *See United States v. Cronic*, 466 U.S. 648, 658–60 (1984) (the court presumes prejudice from ineffective assistance of counsel where the defendant does not receive any assistance for his defense); *see also Haynes v. Cain*, 298 F.3d 375, 380 (5th Cir. 2002). "When the defendant receives at least some meaningful assistance, he must prove prejudice in order to obtain relief for ineffective assistance of counsel." *Gochicoa v. Johnson*, 238 F.3d 278, 285 (5th Cir.2000). Rancher had assistance from his attorneys at all stages. Thus, Rancher was required to show that he was prejudiced from the omission of the motion for a new trial.

Rancher has not shown prejudice because he did not set forth a viable ground for a new trial. *See Buxton v. Lynaugh*, 879 F.2d 140, 147 (5th Cir. 1989) (finding no prejudice where the petitioner's stated ground for a new trial was meritless). Rancher's stated ground is frivolous because there was no CPS record, as discussed fully above in *part A.(2).a).2*.

In sum, Rancher's claim is meritless because Rancher has not shown that the attorneys' services were deficient or that he was prejudiced by not moving for a new trial.

### f) Failure to object to hearsay testimony

Rancher claims that hearsay testimony was admitted at trial. He argues that his trial counsel rendered deficient performance for not "confronting" the State's use of Officer Culak's testimony about Daughter's police report. Rancher argues that because Daughter was

15

an adult at the time she reported the abuse to Officer Culak, the officer's testimony about the report was inadmissible hearsay. *See* Tex. Code Crim. Proc. Ann. art. 38.072 (West 2013) (a minor's out-of-court statement to an "outcry" witness, the first person to whom the minor discloses the sexual abuse, is not hearsay).

The state habeas court made no specific finding on this claim. Implicit in the state court's general finding—that trial counsel did not render ineffective assistance under *Strickland*—is the finding that counsel's performance was not deficient as to Officer Culak's testimony. (*See* D.E. 11-29 at 135–41.) The court defers to this implicit finding. *See Young*, 356 F.3d at 628.

Rancher's claim is not based on a constitutional right. A violation of state evidentiary rules does not constitute a constitutional violation. *See Estelle v. McGuire*, 502 U.S. 62, 67–69. In any case, Rancher's trial counsel did raise an objection to the admission of Officer Culak's testimony, which the trial court overruled. (D.E. 11-7 at 251–52, 58; D.E. 11-7 at 258.)

To the extent that Rancher argues that his Sixth Amendment confrontation right was violated, his claim is meritless. Daughter testified at trial and was subject to cross-examinations. Therefore, Rancher's rights under the Confrontation Clause were not violated. *See Crawford v. Washington*, 541 U.S. 36, 54 (2004) (the Confrontation Clause of the Sixth Amendment bars the admission of testimonial statements of a witness who did not appear at trial.)

## B. Prosecutorial Misconduct

### (1) Prosecution despite exculpatory evidence

Rancher claims that the prosecution committed misconduct by arguing that he is guilty. Rancher argues that the State continued to prosecute him even though they had evidence that Daughter had previously recanted as a child. (*See* D.E. 11-2 at 58–59.)

The state habeas court found that Daughter's denials as a child "did not estop the State from prosecuting [Rancher] and did not establish that his prosecution constituted a violation of [the] Due

Process Clause." (D.E. 11-29 at 141, ¶ 3.) Nothing in the Constitution prohibits the State from prosecuting a suspect in light of some potentially exculpatory evidence.

### (2) "Decade-long abuse"

Rancher argues that the prosecutor made an unsubstantiated statement that Rancher abused Daughter for a decade, starting when she was eight years old. The prosecution made the statement in its opening statement and closing argument. (*See* D.E. 11-6 at 7–8, 10–11; D.E. 11-8 at 83, 187.) Rancher argues that the prosecutor violated Texas Rules of Evidence by stating that Rancher's abuse began when Daughter was eight years old.

The state habeas court found that Rancher "has not proven by a preponderance of the evidence that [Daughter]'s testimony against him was false, or that the State's use of that testimony constituted a violation of due process." (D.E. 11-29 at 141, ¶ 3.)

The record supports the state habeas court's finding. Daughter testified that Rancher's sexual abuse began when she was eight years old and lasted until just before she turned eighteen. (D.E. 11-6 at 48, D.E. 11-7 at 7.) Rancher has not shown that Daughter's testimony was false. The prosecutor was merely discussing the evidence. This was not improper.

### (3) Suppression of evidence

Rancher argues that the prosecutor suppressed the CPS report. As already discussed, there was no CPS report to suppress. There was no misconduct.

### C. Actual Innocence

Rancher claims that he is actually innocent. He argues that conflicts in evidence show his innocence. The state habeas court did not make an express finding about Rancher's actual innocence claim.

"[A]ctual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *See McGowen v. Thaler*, 675 F.3d 482, 499 (5th Cir. 2012).

To succeed on a claim of actual innocence, the petitioner must show that he is factually innocent. *See Bousley v. United States*, 523 U.S. 614, 623 (1998).

Rancher shows neither factual innocence nor an independent constitutional violation. The conflicts in evidence that Rancher sets forth—Daughter's employment with Rancher as an adult, Daughter's alleged recantations, and Daughter's attempt to influence the relatives' testimony—at best present factual issues for the jury to resolve. The same is true for the alleged inconsistency in witness testimony. Mere enumeration of those potential conflicts in evidence does not show Rancher's factual innocence.

Rancher's argument about the prosecution's "confirmation bias" does not show that he is factually innocent or that he suffered a constitutional violation. As fully discussed above in *part B.(1)*, the Constitution does not require the State to cease prosecuting a case in light of conflicting evidence.

Because Rancher does not state a violation of the Constitution, federal habeas corpus relief is not available. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact.")

### D. *Statute of limitations*

Rancher argues that the State prosecuted him outside the limitations period in place at the time of his conviction. The offense date for both counts was November 8, 1996. (*See* D.E. 11-2 at 108, 11-3 at 101.) Rancher argues that the ten-year statute of limitations under Texas Penal Code 22.021 expired on November 8, 2006, making the 2012 indictment untimely.

Rancher's claim is unexhausted, procedurally defaulted, and lacks merit. *See* 28 U.S.C. § 2254(b)(1) (petitioner seeking federal habeas relief must first exhaust available state remedies); *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004). Because this claim is raised for the first time in the instant federal petition, Rancher has not exhausted his state remedies.

Rancher's claim is procedurally defaulted. The Texas Court of Criminal Appeals would not now consider Rancher's statute of limitations claim because he could have raised the claim in the two state habeas applications that he filed. *See* Tex. Code Crim. Proc. Ann. art. 11.07 § 4(a)(1) (West 2018). Rancher neither raises a constitutional violation nor ties his statute of limitations claim to a prima facie claim of actual innocence. *See* Tex. Code Crim. Proc. Ann. art. 11.07 § 4(a)(2) (West 2018).

Rancher cannot bypass the procedural default. Rancher shows no cause for the default because he gives no explanation for not raising the statute of limitations claim in the state court. *See Maples v. Thomas*, 565 U.S. 266, 280 (2012) ("Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him, impeded his efforts to comply with the State's procedural rule."); *see also Matchett v. Dretke*, 380 F.3d 844, 849 (2004) ("If a petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice.").

Rancher has not shown that a miscarriage of justice would result from the procedural default because Rancher's claim is meritless. It is incorrect that the State prosecuted him beyond the statute of limitations. In Texas, the legislature may extend a period of limitations so long as offenses are "not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period, although the old period has expired." *Archer v. State*, 577 S.W.2d 244, 244 (Tex. Crim. App. 1979) (applying the extended statute of limitations to the offense of rape of a child); *see also Stallworth v. State*, No. 12-11-00158-CR, 2012 WL 6214138, at *2 (Tex. App.—Tyler Dec. 12, 2012).

Here, the Texas legislature amended the applicable limitations period twice since 1996, each within the preceding limitations period applicable to Rancher. Tex. Code Crim. Proc. Ann. Art. 12.01(5) (West 1999) extended the limitations period to "ten years from the 18th birthday of the victim of the offense," which, in Rancher's case, would have been in 2010. Tex. Code Crim. Proc. Ann. art. 12.01(1)(B)

(West 2008) eliminated altogether the limitations period for Rancher's crimes.

Rancher has shown neither that he is actually innocent nor that there was a constitutional violation. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995) (miscarriage of justice exception applies only where an actually innocent person is convicted due to a constitutional violation).

Therefore, Rancher's claim should be denied as unexhausted and procedurally defaulted.

*6. Conclusion*

The court recommends that Davis's motion be granted and Rancher's petition be denied with prejudice. Any remaining motions are terminated as moot. Rancher has not met his threshold burden of demonstrating that the state habeas court's denial of these claims constituted an unreasonable application of federal law or an unreasonable determination of the facts in light of the evidence. Similarly, Rancher has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its ruling. Therefore, this court recommends that a certificate of appealability not be issued. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on May 2, 2019.

_____
Peter Bray
United States Magistrate Judge